**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SCOTT GRAY and JODI GRAY,** | ) | |
| **Plaintiffs** | ) | **C.A. No. 26-134 Erie** |
| | ) | |
| **v.** | ) | |
| | ) | **District Judge Susan Paradise Baxter** |
| **STATE FARM FIRE & CASUALTY** | ) | |
| **COMPANY and BOB MARTIN** | ) | |
| **INSURANCE AGENCY, INC.,** | ) | |
| **Defendants.** | ) | |

# MEMORANDUM OPINION

## I. INTRODUCTION

Plaintiffs Scott Gray and Jodi Gray, his wife, initiated this action by a writ of summons followed by the filing of a complaint in the Court of Common Pleas of Erie County, Pennsylvania, against Defendants State Farm Fire & Casualty Company ("State Farm"), an Illinois insurance company, and Bob Martin Insurance Agency, Inc. ("Bob Martin"), a business corporation with a principal place of business in Erie County, Pennsylvania. The complaint alleges claims of breach of contract, negligent misrepresentation, and bad faith stemming from Defendants' alleged failure to provide coverage for the loss of Plaintiff's home, which was destroyed by fire in January 2023.

The action was removed to this Court pursuant to a Notice of Removal filed by Defendant State Farm on May 27, 2026. [ECF No. 1]. The removal was based on State Farm's assertion that Defendant Bob Martin was never served with the complaint prior to removal and,

thus, "its citizenship is irrelevant to removal." (Id. at ¶ 13).[1] According to State Farm, this means that there is complete diversity under 28 U.S.C. § 1332 between "the relevant parties," being Plaintiffs and State Farm.[2]

On June 5, 2026, State Farm filed a motion to dismiss Plaintiffs' breach of contract and bad faith claims, which remains pending. [ECF No. 5]. A few days later, on June 9, 2026, Plaintiffs filed a timely motion to remand this matter to the Erie County Court of Common Pleas [ECF No. 8], arguing that the complaint was, in fact, served upon Defendant Bob Martin prior to removal of this action. Defendant filed a brief in opposition to Plaintiffs' motion to remand [ECF No. 9], noting that the Sheriff's return of service attached to Plaintiff's motion (ECF No. 8, at p. 11) does not show that the complaint was served upon Defendant Bob Martin, and, at most, shows that said Defendant was only served with the Writ of Summons. (ECF No. 9, at p. 2).

Plaintiff subsequently filed a supplement to its motion to remand on August 7, 2026 [ECF No. 13], attaching an amended Sheriff's return of service, dated July 14, 2026, and signed by Erie County Deputy Sheriff Anthony Sanfillippo, who verifies that both the Writ of Summons and Complaint in this action were served on Defendant Bob Martin on May 19, 2026. [ECF No. 13-1]. This amended return of service is entered on the Erie County docket at entry no. 24. (ECF No. 13-3, at p. 3). The removal of this matter is now ripe for consideration.

## II. LEGAL STANDARD

Under 28 U.S.C. § 1441(a), a civil action filed in a state court may be properly removed if the federal court would have had original jurisdiction over the action. District courts "have

---

1 Under the forum defendant rule, removal is precluded only where the in-state defendant was properly joined and served prior to removal. Encompass Ins. Co. v. Stone Mansion Restaurant, Inc., 902 F.3d 147 (3d Cir. 2017).

2 Based on the allegations of the complaint, the amount in controversy exceeds $75,000.00.

original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States ….” 28 U.S.C. § 1332(a)(1). Removing defendants “carr[y] a heavy burden” of showing that the case is properly before the district court. Brown v. Jevic, 575 F.3d 322, 326 (3d Cir. 2009). Moreover, the removal statute is strictly construed, and all doubts are to be resolved in favor of remand to state court. Johnson v. SmithKline Beechum Corp., 724 F.3d 337, 346 (3d Cir. 2013). “If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.” 28 U.S.C. § 1447(c).

## III. DISCUSSION

### A. Motion to Remand

Defendant State Farm’s entire argument in opposition to Plaintiff’s motion to remand is based on the premise that non-diverse Defendant Bob Martin was not served with the complaint in this matter prior to removal of this action and, therefore, its citizenship is not relevant for purposes of determining diversity here. However, according to the documents that have since been submitted by Plaintiff with its supplement [ECF No. 13], State Farm’s assertion is apparently mistaken. The amended Sheriff’s return of service [ECF No. 13-1] plainly indicates that Defendant Bob Martin was, in fact, served with the complaint on May 19, 2026, eight days prior to State Farm’s filing of the Notice of Removal in this Court. Thus, State Farm’s opposition to Plaintiff’s motion to remand is groundless.

Because there is no diversity of citizenship among the parties to this action, Plaintiff’s motion to remand this matter to the Erie County Court of Common Pleas will be granted.

An appropriate Order follows.